FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★ JUL 3 0 2010

P.M.
TIME A.M.

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

FREDDY RAUL PEREZ,

                     Petitioner,

      - against -

UNITED STATES OF AMERICA,

                     Respondent.

------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 2974 (BMC)

      Petitioner Freddy Perez, proceeding *pro se*, brings this habeas corpus proceeding under 28 U.S.C.§2255, contending that his sentence was illegal because the Court sentenced him on the assumption that his two mandatory minimum sentences, one for attempting to possess with intent to distribute drugs, and one for possessing a firearm in furtherance of a drug trafficking crime, had to run consecutively instead of concurrently, when in fact, under United States v. Williams, 558 F.3d 166, 171 (2d Cir. 2009), the Court could have run them concurrently.[1] Petitioner pled guilty to one count of violating 21 U.S.C. § 841(b)(1)(B) (attempt to possess with intent to distribute more than 500 grams of cocaine), and a second count of violating 18 U.S.C. § 924(c)(1)(A)(i) (possessing a firearm in furtherance of a drug trafficking crime). The Court sentenced him to 71 months for the drug crime and 60 months on the gun crime to run consecutively.

      The petition is dismissed because Perez' substantive challenge is based on a misreading of Williams. Williams merely held that when a defendant is sentenced on a drug trafficking

---

[1] Petitioner has titled his motion as a "motion for leave" to file a habeas corpus petition, but because it contains his substantive position and the law does not recognize a "motion for leave," the Court treats it as the petition.

conviction and firearm conviction, and the drug trafficking conviction carries a higher mandatory minimum than the firearm conviction, then §924(c)(1) does not require consecutive sentences. Here, the drug count did not have a higher mandatory minimum sentence than the gun count; they each had five year mandatory minimum sentences. Under the plain language of the statute, which was the touchstone of the Williams decision, the sentences had to run consecutively. In addition, because the Court, upon consideration of the sentencing factors under 18 U.S.C. § 3553(a), chose to sentence petitioner in excess of the consecutive mandatory minimums, the issue of whether the minimums had to run consecutively was immaterial.

## CONCLUSION

The petition is denied and the case is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
July 28, 2010